**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**CHRISTOPHER D. ZULPO**                                                **PETITIONER**
**ADC #74341**

**VS.**                  **CASE NO.: 5:12CV00079 BSM/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II.  Background

On October 16, 1986, the State of Arkansas charged Christopher D. Zulpo with kidnaping, being a felon in possession of a firearm, and manufacturing a controlled substance. (#11-2) A Saline County jury convicted Mr. Zulpo of kidnaping. (#11-8) *Zulpo v. State*, CA CR 87-224, 1988 WL 91643, *1 (Aug. 31, 1988)(unpublished).[1] On June 18, 1987, the Circuit Court entered a judgment and commitment order sentencing Mr. Zulpo to 20 years' imprisonment in the ADC. (#11-6)

Mr. Zulpo appealed his conviction to the Arkansas Court of Appeals claiming insufficient evidence to support his conviction. The Court of Appeals affirmed. *Id*. Mr. Zulpo sought rehearing, but the Court of Appeals denied his petition (#11-9) and issued a mandate on January 11, 1989, ordering him to surrender himself to the Saline County Sheriff. (#11-10)

---

[1] At a pre-trial hearing, the Saline County Circuit Judge severed the controlled substance offense from the other two offenses. (#11-3) The prosecutor also agreed to dismiss the felon-in-possession charge if Mr. Zulpo could produce an order expunging the record of his previous felony conviction. (#11-4)

On June 2, 1989, without the permission of the Arkansas Supreme Court, Mr. Zulpo filed a petition for post-conviction relief with the Saline County Circuit Court, alleging ineffective assistance of counsel.[2]  (#11-11)

On September 15, 1989, the Circuit Court ordered Mr. Zulpo released from the Department of Correction to the Saline County Sheriff so that he could attend post-conviction proceedings.  (#11-13 at p. 4)  After a September 21, 1989 hearing, the Circuit Court released Mr. Zulpo on a $50,000 appearance bond pending the post-conviction hearing to be held on October 2, 1989.  (#11-13 at pp. 28, 32-33)  See *Donna's Bail Bonds, Inc. v. State*, 34 Ark. App. 175 (1991).

Mr. Zulpo's counsel filed a motion to continue the post-conviction hearing.  (#11-13 at pp. 5-6)  On October 4, 1989, the State filed a motion to revoke the bond, arguing that the Circuit Court lacked authority to release Mr. Zulpo on bond.  *Id*. at 176.  The Circuit Court granted the motion and revoked Mr. Zulpo's bond on October 9, 1989.  (#11-13 at pp. 11)   After Mr. Zulpo failed to appear at a hearing, the Circuit Court issued a bench warrant and entered an order forfeiting the bond.[3]   (#11-13 at pp. 16-18, 23)  Notations on the bench warrant indicate that the Saline County Sheriff received the

---

[2]Under Rule 37.2(a) of the Arkansas Rules of Criminal Procedure applicable in 1989, a petitioner, who had directly appealed his conviction, could only seek post-conviction relief from the circuit court after receiving prior permission from the Arkansas Supreme Court.  ARK. R. CRIM. P. 37.2(a) (1988); *Coston v. State*, 283 Ark. 155, 156-57 (1984).

[3]The bond company that issued the bond successfully challenged the bond forfeiture in a separate case.  See *Donna's Bail Bonds v. State*, 34 Ark. App. 175 (1991).

3

warrant on October 17, 1989, and entered the warrant into Arkansas Crime Information Center and the National Crime Information Center databases on October 19, 1989. (#11-14)

On March 5, 1996, the Saline County Circuit Court entered an order in Mr. Zulpo's criminal case stating that after a review of the file, "the Court finds all remaining allegations against any and all defendants are barred by ARCP28.  Therefore, all remaining allegations and issues against any and all defendants are dismissed." (#2 at p. 6)

On November 6, 2009, Mr. Zulpo was arrested on the 1989 bench warrant. (#11-15)  He was represented by counsel at a hearing before the Circuit Court and was recommitted to the ADC. (#11-15)  Since being recommitted to the ADC, Mr. Zulpo has filed a number of pleadings in state court.  On April 19, 2010, counsel for Mr. Zulpo filed a state habeas corpus petition in Lee County Circuit Court, alleging that the judgment was invalid because of Sixth Amendment speedy-trial violations and Fifth Amendment due-process violations. (#11-16)  The Lee County Circuit Court denied the petition on May 18, 2010. (#11-18)  Mr. Zulpo filed a notice of appeal, but did not lodge a record with the appellate court to perfect his appeal. (#11-19)

Mr. Zulpo also filed a motion with the Saline County Circuit Court seeking credit for time spent in custody. (#11-20)  The Court denied his motion. (#11-21)

On November 16, 2011, Mr. Zulpo filed a second petition for post-conviction relief in the Saline County Circuit Court; it was denied on December 15, 2011. (#11-22, #11-23)  And on January 10, 2012, Mr. Zulpo filed a second state habeas petition in the Saline County Circuit Court, which the Court denied for lack of jurisdiction, on January 17, 2012.  (#11-24)

On February 23, 2012, Mr. Zulpo filed the instant federal petition for writ of habeas corpus.  In his petition, Mr. Zulpo claims he is serving the same sentence twice in violation of his Fifth Amendment rights.  (#2 at p. 4, #5 at p. 1)

Respondent Ray Hobbs contends that Mr. Zulpo's claims are barred by the statute of limitations set forth in 28 U.S.C. § 2244(d), or alternatively, that the claims are procedurally barred and lack merit.  (#11)   For the reasons explained below, Mr. Zulpo's petition must be dismissed with prejudice.

### III.   The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The AEDPA's provisions apply to all habeas corpus petitions filed after the Act's effective date, April 24, 1996.  *Cross-Bey v. Gammon*, 322 F.3d 1012, 1013-14 (8th Cir. 2003) (citing *Weaver v. Bowersox*, 241 F.3d 1024, 1029 (8th Cir. 2001)).  Accordingly, the AEDPA governs Mr. Zulpo's current habeas corpus petition.

Under the statute's provisions, the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the Eighth Circuit has recognized a one-year grace period running from the AEDPA's enactment for prisoners, like Mr. Zulpo, whose state court proceedings were completed prior to AEDPA's enactment.[4] *Id*. at 1014 (citing *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999)).

Applying the one-year grace period, Mr. Zulpo had until April 24, 1997, to file a federal habeas corpus petition. Yet he did not file this petition until February 23, 2012, more than fourteen years after the statute of limitations had run. Accordingly, Mr. Zulpo's claims are barred, unless the statute of limitations can be tolled.

A.   *Statutory Tolling*

Under title 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This provision does not apply to Mr. Zulpo's case,

---

[4] In this case, Mr. Zulpo did not seek review from the Arkansas Supreme Court, but did appeal his conviction to the Arkansas Court of Appeals and then sought rehearing. Accordingly, his conviction became final when the Arkansas Court of Appeals denied his petition for rehearing and issued its mandate on January 11, 1989. See *Parmley v. Norris,* 586 F.3d 1066, 1073 (8th Cir. 2009)(Arkansas Court of Appeals is not the state court of last resort so appeal to the United States Supreme Court was not possible and statute of limitations began to run from date the Court of Appeals denied his petition for rehearing).

however, because state court post-conviction applications filed after the statute of limitations has passed do not qualify for statutory tolling. *Cross-Bey*, 322 F.3d at 1014.

In this case, all of the state court petitions that Mr. Zulpo has filed which could possibly have tolled the statute of limitations were filed years after the expiration of the grace period on April 24, 1997, and the statute of limitations is not tolled for state proceedings brought after the statute of limitations has expired. See *Jackson v. Ault*, 452 F.3d 734, 736-36 (8th Cir. 2006)(the statute of limitations is not tolled during the pendency of a state proceeding brought after the limitations period has expired). Accordingly, Mr. Zulpo's claims are barred by the statute of limitations unless he is entitled to equitable tolling.

B.  *Equitable Tolling*

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way, preventing a timely filing. *Id*. at 2562 (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Equitable tolling affords an "exceedingly narrow window of relief." *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). And pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations

period are inadequate grounds to warrant equitable tolling. *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

In his reply to the response, Mr. Zulpo claims that there are extraordinary circumstances in his case because he believed his case had been dismissed. (#12 at p. 1) He points to the Circuit Court's "order of dismissal," dated March 5, 1996, in which that Court ordered all "remaining allegations" against any defendant dismissed.

Mr. Zulpo's reliance on this order is misplaced. This order does not erase his conviction and sentence but, presumably, was entered to dismiss the two remaining counts that were charged in the indictment but never prosecuted. Regardless, Mr. Zulpo's confusion about the order is not the kind of extraordinary circumstance that warrants equitable tolling. *Id*.

Mr. Zulpo also points to the Arkansas Court of Appeals's reversal and dismissal of a civil case, *Donna's Bail Bonds, Inc. v. State*, CA 90-237, April 17, 1991. In *Donna's Bail Bonds, Inc.*, the Arkansas Court of Appeals held that the bond, under which Mr. Zulpo was released, was void and unenforceable and, consequently, the surety could not be held liable on the bond. *Id*. at 181. The outcome of the civil case, however, had no bearing on the judgment and commitment order in Mr. Zulpo's criminal case, and Mr. Zulpo's mistaken belief that it did is not the type of extraordinary circumstance that can support equitable tolling.

Mr. Zulpo has failed to diligently pursue his rights. He had notice of the judgment and commitment order in 1989, yet he absconded after being released on bond. After he was recommitted to the ADC on November 6, 2009, Mr. Zulpo waited 150 days to file a state habeas petition, then failed to lodge a record to perfect his appeal of the denial of that petition. He waited another eighteen months to file a petition with this Court. See *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010)(holding that petitioner who waited for nine months after the Arkansas Supreme Court denied rehearing in his case to file a habeas petition had not diligently pursued his rights).

He has not made any showing that an extraordinary circumstance prevented the timely filing of a habeas petition. Accordingly, Mr. Zulpo is not entitled to equitable tolling.[5]

## IV.    **Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. A certificate of appealability may issue only if Mr. Zulpo has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253 (c)(1)-(2). In this case, the Petitioner has not provided any basis for issuance of a certificate of appealability. Accordingly, a certificate of appealability should be denied.

---

[5] Having concluded that Mr. Zulpo's claims are barred by the statute of limitations, the Court will not address Mr. Hobbs's claim that Mr. Zulpo's claims are also procedurally defaulted and lack merit.

## V.     Conclusion

Mr. Zulpo's claims for habeas relief are barred by the one-year limitations period established by 28 U.S.C. § 2244(d).  Accordingly, Christopher D. Zulpo's petition for writ of habeas corpus (#1) should be DISMISSED with prejudice.

DATED this 30th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE